

CJ-2020-3178
ogden

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| Robert Singhisen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CJ-2020-3178 |
| | ) | Case No. CJ-2020-3178 |
| Health Care Service Corporation, | ) | |
| a Mutual Legal Reserve | ) | |
| Company (operating as Blue | ) | FILED IN DISTRICT COURT |
| Cross Blue | ) | OKLAHOMA COUNTY |
| Shield of Oklahoma) | ) | |
| | ) | JUL 0 9 2020 |
| Defendant. | ) | |

RICK WARREN
COURT CLERK
50_____

**PLAINTIFF'S ORIGINAL PETITION**

**PRELIMINARY STATEMENT**

1. Plaintiff Robert Singhisen, hereinafter referred to as "Plaintiff," brings this ERISA action against Healthcare Service Corporation, operating as Blue Cross Blue Shield of Oklahoma, (hereinafter referred to as "Defendant or BCBS") in its capacity as Administrator of Plaintiff's employee welfare benefit plan[1] Plaintiff brings this action to secure all benefits to which Plaintiff is entitled under a health insurance policy and administered by Defendant. Plaintiff is covered under the policy by virtue of his employment.

**PARTIES**

2. Plaintiff is a citizen and resident of Oklahoma County, Oklahoma.

3. Defendant is a properly organized business entity doing business in the State of Oklahoma.

---
[1] Group/Sub No. YO3241/000800312089



4. The benefit plan at issue in the case was funded and administered by Defendant.

5. Defendant is a business entity doing business in Oklahoma.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §§ 1001, et. seq, and more specifically, §1132 e (1).

7. Venue is proper by virtue of Defendant doing business in Oklahoma in this county.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff is a covered beneficiary under a group benefits policy issued by Defendant at all times relevant to this action.

9. The policy at issue was obtained by Plaintiff by virtue of his employment.

10. Under the terms of the policy, Defendant administered claims under the Plan and retained the sole authority to grant or deny benefits to covered beneficiaries.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

14. Further, in order for the Plan Administrator's decisions to be reviewed by

this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to pay claims for benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff became ill with a serious heart condition, covered by the plan in 2019. Specifically Mr. Singhisen was required to undergo heart surgery after having at least two transient ischemic attacks (TIAs) which led to the discovery that he had a hole in his heart greater than 1" which was causing the events and which was life-threatening. Mr. Singhisen underwent a successful surgery on October 21, 2019. Notwithstanding his surgeon's medical opinion that the surgery was medically necessary, BCBS denied the majority of, if not all, claims for the medically necessary treatment of this life-threatening condition.

17. Plaintiff, through his providers, submitted claims for the above-mentioned treatment benefits with Defendant.

18. Defendant denied Plaintiff's claims for benefits under the Plan.

19. Plaintiff timely pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

20. Plaintiff timely perfected his administrative appeal pursuant to the Plan; Plaintiff submitted additional information including medical records to show that the

procedure and all related care was medically necessary and covered by the Plan.

21. Defendant affirmed its original decision to deny Plaintiff's claim for benefits.

22. Defendant, in its final denial of Plaintiff's administrative appeal, discounted the opinions of Plaintiff's treating physicians and related medical records and information, all of which support one only conclusion: the treatment at issue was covered by the Plan.

23. Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## DEFENDANT'S CONFLICT OF INTEREST

24. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest because Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

25. Defendant's determination was influenced by its conflict of interest.

26. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

27. Defendant provided incomplete information regarding plaintiff's medical conditions and treatment to its medical reviewers, leaving their opinions (the principal basis upon which Defendant's denial is based) fatally flawed due to incomplete information.

28. More information promotes accurate claims assessment; moreover

4

Defendant's deliberate decision to limit information provided to its medical reviewers denied Plaintiff his legal right to be given a full and fair review of his administrative appeal.

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

29. Plaintiff incorporates all previous allegations.

30. Defendant has wrongfully denied benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

   a. Plaintiff's treatment was medically necessary and covered under the Plain language of the Plan;

   b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff's claims were covered;

   c. Defendant's interpretation of language dealing with medical necessity and all other relevant coverage criteria contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

   d. Defendant has violated its contractual obligation to furnish benefits to Plaintiff;

   e. Defendant failed to provide Plaintiff a full and fair review as required by law by virtue of its failure to provide complete information to its medical reviewers, failing to provide Plaintiff copies of its claims/appeal guidelines as repeatedly requested, and ignoring and/or discounting

overwhelming evidence of disability.

## COUNT II: FAILURE TO PROVIDE REQUESTED INFORMATION

31. On November 13, 2019, Plaintiff requested claims and benefit information pursuant to ERISA statutes and regulations.

32. Defendants were under a duty to respond to this request within 30 days pursuant to 29 U.S.C § 1132 (c)(1)(B).

33. Although Defendant partially responded In March and April 2020, the responses were incomplete--for the most part Defendant ignored this request, and this failure to provide the requested information has prejudiced Plaintiff.

## COUNT III: ATTORNEY FEES AND COSTS

34. Plaintiff repeats and realleges the allegations above.

35. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that he is entitled to all benefits yet unpaid;

B. Order Defendant to pay the benefits at issue;

C. Alternatively, Order Defendant to remand claim for a proper full and fair

administrative review;

D.  Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to 29 U.S.C. § 1132(g);

E.  Award plaintiff statutory damages of $110 per day pursuant to 29 U.S.C § 1132 (c)(1)(B) as amended by 29 C.F.R. § 2575.502 (c)(1) for failing to timely and fully provide requested information; and

F.  For such other relief as may be deemed just and proper by the Court.

Respectfully Submitted,

Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405)973-2204 (fax)
Roy.d@coxinet.net