**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT SINGHISEN,      ) | |
|          ) | |
|     Plaintiff,    ) | |
|          ) | |
| v.           ) | Case No. 20-1012-SLP |
|          ) | |
| HEALTH CARE SERVICE   ) | |
| CORPORATION, a Mutual Legal Reserve  ) | |
| Company (operating as Blue Cross Blue  ) | |
| Shield of Oklahoma),     ) | |
|          ) | |
|     Defendant.   ) | |

**O R D E R**

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.  Before the Court is Defendant's Motion to Strike Evidence Outside the Administrative Record or, in the Alternative, Motion for Leave to File Surreply [Doc. No. 22].  The Motion is fully briefed and at issue  *See* Pl.'s Resp. [Doc. No. 23] and Def.'s Reply [Doc. No. 24].[1]  Defendant moves to strike two affidavits submitted by Plaintiff in his Reply.  The affidavits are submitted by Plaintiff, Robert Singhisen, and his wife, Leigh Singhisen (the Singhisen Affidavits [Doc. Nos. 21-1 and 21-2]).  In the Singhisen Affidavits, the witnesses attest as to two matters: (1) the provider, Oklahoma Heart Hospital (OHH) did not have authority to file an appeal on Plaintiff's behalf; and (2) Leigh Singhisen does not have any duties under the Plan with respect to requests for information.  Defendant also moves to strike materials from the American

---

[1] Citations to the parties' briefing submissions reference ECF pagination.

Stroke Association defining a "cryptogenic stroke."  Defendant contends these matters address new issues raised for the first time in reply.  Defendant further contends the matters cannot be considered by the Court in this ERISA action because the Court's review is confined to the administrative record.  For the reasons that follow, Defendant's Motion is GRANTED IN PART, DENIED IN PART and RESERVED IN PART.

The parties have completed briefing on Plaintiff's Motion for Judgment on the Administrative Record [Doc. No. 18].  And the Court has preliminarily reviewed Plaintiff's Motion and the related briefing.  *See* Def.'s Brf. [Doc. No. 20] and Pl.'s Reply [Doc. No. 21].[2]  To properly address the issues in Defendant's Motion to Strike, the Court frames the claims raised by Plaintiff in his Motion for Judgment.

The parties' dispute involves the denial of benefits allegedly due to Plaintiff under his ERISA employee group health benefit plan (the Plan).  *See* Administrative Record (AR) [Doc. No. 15] at 65-192.[3]  The Plan is issued and administered by Defendant Health Care Service Corporation (HCSC).  Blue Cross Blue Shield of Oklahoma (BCBS) is a division of HCSC.  Defendant is the claims administrator and insurer of the Plan.

In August 2019, Plaintiff suffered a stroke.  The stroke was connected to a congenital defect in his heart, known as patent foramen ovale.  Two months later, in

---

[2] Plaintiff filed his "Motion for Judgment on the Administrative Record" [Doc. No. 18] and Defendant then filed its "ERISA Brief in Support of Judgment on the Administrative Record" [Doc. No. 20].  Notwithstanding the heading used by Defendant, the Court treats Defendant's Brief as a response to Plaintiff's Motion, consistent with the parties' request in the Joint Status Report [Doc. No. 11] and the Court's Scheduling Order [Doc. No. 12].

[3] Citations to the Administrative Record reference the BATES numbering pagination.

October 2019, Plaintiff underwent heart surgery at the Oklahoma Heart Hospital (OHH) to repair the congenital defect.  On November 4, 2019, Defendant denied benefits for the surgery on grounds the surgery was not medically necessary, relying on the fact that Plaintiff had no "history of cryptogenic stroke."  AR 665.

Two separate appeals of the denial of benefits ensued.  An issue central to the parties' dispute is the proper characterization and treatment of these two separate appeals. Defendant denied the first-filed appeal, designated as a "Provider" appeal and identified as Appeal No. 530679127.  AR 647-50.  The Court refers to this appeal, submitted by OHH, as the "OHH Provider Appeal."[4]  Defendant also denied the second-filed appeal, designated as a "Member's Authorized Representative" appeal and identified as Appeal No. 530762870.  AR 1946-50.  The Court refers to this appeal, filed on Plaintiff's behalf by his attorney, as the "Authorized Representative Appeal."[5]

In his Motion, Plaintiff seeks reversal both on procedural grounds and on the merits. As to the procedural challenge, Plaintiff argues that he was denied a full and fair review of his appeal.  Plaintiff raises this issue as both an independent claim, and in requesting the Court to apply a de novo standard of review to the denial of his claim.  *See, e.g., Niles v. American Airlines, Inc*., 269 F. App'x 827, 833 (10th Cir. 2008) (recognizing that "[a]

---

[4] The OHH Provider Appeal was submitted on April 8, 2020 and denied on May 5, 2020.  AR 682-731; 647-64.

[5] The Authorized Representative Appeal was submitted on April 30, 2020 and denied on August 3, 2020.  AR 597-646; 1946-65.

showing that the administrator failed to follow ERISA procedures . . . provides a basis for reversal separate from that provided by de novo review of the merits of the claim.").

Plaintiff contends Defendant failed to timely respond to the Authorized Representative Appeal.  He also contends Defendant failed to disclose the fact of the OHH Provider Appeal and that he did not discover the full details of that appeal until after this lawsuit was initiated notwithstanding his attorney's requests to Defendant for Plaintiff's full claims file.[6]  Included in Plaintiff's request for the full claims file, was a request for copies of governing plan documents.  Defendant notified Plaintiff that as a "third-party contracted service provider" production of the plan documents "was not within the scope of our responsibilities" and that Defendant was neither the "ERISA plan sponsor" or the "ERISA plan administrator."  AR 208.

Defendant characterizes each of the appeals as "first-level" appeals.  According to Defendant, only one first-level appeal is authorized by the Plan.  *See* Def.'s Brf. [Doc. No. 20] at 20, ¶ 27 ("Plaintiff's Plan does not provide for more than one first-level appeal."). Consequently, Defendant contends the second-filed appeal, the Authorized Representative Appeal, was not "valid" and "not subject to ERISA procedural requirements."  *Id*. at 24; *see also id*. at 17, ¶ 36 ("The Plan provides for one first-level appeal.  The Plan does not provide any timeline, or any other procedural requirements, related to processing a second

---

[6] Plaintiff acknowledges that Defendant mailed a copy of the denial of the OHH Provider Appeal to his attorney.  But Plaintiff contends Defendant did not provide Plaintiff the opportunity to review all documentation relating to the appeal.  Pl.'s Mot. at 12.

first-level appeal.").[7]   According to Defendant, both the OHH Provider Appeal and the Authorized Representative Appeal were filed on behalf of Plaintiff.  *See, e.g., id*. at 15, ¶ 28 ("*Plaintiff* sought two first-level appeals . . . .") (emphasis added).   Defendant implicitly, therefore, contends that Plaintiff authorized OHH to file an appeal on his behalf. But Defendant fails to expressly address this issue.

In reply, Plaintiff states that whether the OHH Provider Appeal "is technically an appeal or a provider request for review is an unanswered question."  Reply at 4.  And Plaintiff challenges the position taken by Defendant that the OHH Provider Appeal is the "'First Appeal' that trumps Plaintiff's [Authorized Representative Appeal.]"  *Id*.

Plaintiff further states he did not authorize OHH to file any appeal on his behalf.  *Id*. at 4.  Accordingly, Plaintiff contends Defendant wrongfully addressed the OHH Provider Appeal, and failed to comply with procedural requirements, including a timely response, as to the Authorized Representative Appeal.  As stated, Plaintiff also contends Defendant wrongfully failed to apprise Plaintiff of the OHH Provider Appeal.

Plaintiff attaches his Affidavit in support of his Reply stating as follows:

> My name is Robert Singhisen.  I did not authorize Oklahoma Heart Hospital to appeal BCBSOK's denial of benefits relating to may surgery to repair a patent foramen ovale.  I did not even know the appeal had been submitted by OHH for this surgery until informed by my attorney, Roy Dickinson, after BCBSOK finally disclosed this information to him in January 2021.

---

[7] Defendant relies on *Hancock v. Metropolitan Life Ins. Co*., 590 F.3d 1141 (10th Cir. 2009), to support its position that the second appeal is not subject to ERISA procedural requirements.  But Defendant's reliance is misplaced.  In *Hancock*, the Tenth Circuit addressed two attempted appeals by the claimant herself and concluded that because the plan at issue did not provide for two appeals, the defendant's delay in responding to the second appeal "was not a procedural defect under ERISA."  *Id*. at 1154.  The Tenth Circuit did not address the authority of a provider to file a separate appeal on behalf of a claimant – the preliminary issue before this Court.

*See* Pl.'s Aff. [Doc. No. 21-1].[8]

As demonstrated, at base the parties take divergent views on the "authorized" appeal before the Court. Defendant contends the OHH Provider Appeal is the only authorized appeal while Plaintiff contends the Authorized Representative Appeal is the only authorized appeal.

Neither party directs the Court to any pertinent provisions of the Plan to resolve this issue. And the Court's own review of the administrative record is inconclusive.

The Plan states the following with respect to who may file an appeal:

> An appeal of an Adverse Benefit Determination may be filed by you **or a person authorized to act on your behalf**. **In some circumstances, a health care Provider may appeal on his or her own behalf**. Your designation of a representative **must be in writing**, as it is necessary to protect against disclosure of information about you except to your authorized representative. . . .

AR 152 (emphasis added).

The parties do not dispute that Plaintiff designated his attorney, Roy Dickinson, to act on his behalf with respect to the Authorized Representative Appeal. But nothing in the record demonstrates that Plaintiff ever designated OHH to act on his behalf when it filed the OHH Provider Appeal.[9] As set forth, Defendant implicitly asserts Plaintiff authorized

---

[8] Plaintiff also attaches the affidavit of his wife, Leigh Singhisen, in which she similarly states that OHH did not have authorization to file an appeal on Plaintiff's behalf. *See* Aff. [Doc. No. 21-2].

[9] The Plan does not appear to permit such a designation. Instead, the Plan references a provider's ability to appeal on his or her (or its) *own behalf*, not that of a Plan beneficiary, like Plaintiff.

the submission of the OHH Provider Appeal on his behalf, but Defendant fails to expressly address this issue with any factual or legal support.

Additionally, attached to each of the "Appeal Results" is information about the right to appeal.  AR 651-64.  That information includes a section headed "Notice about Provider Appeals" and states:

> If you used an **in-network provider**, your provider may be able to file an appeal request for benefits you've been denied.  **<u>You and your provider may file appeals separately and at the same time</u>**.  Deadlines for filing appeals or external review requests are not delayed by appeals made by your provider UNLESS you have chosen your provider to act for you as your authorized representative.  **Choosing your provider to act for you must be done in writing**.  If your provider is acting on your behalf, then the provider must meet the deadlines you would have to meet to file such requests.

AR 652, 1953 (emphasis added).  The parties have not addressed whether OHH is an "in-network provider."  Nor, as set forth, has Defendant established that Plaintiff chose OHH to act as his authorized representative and did so in writing.  As stated, Defendant contends the *only* authorized appeal is the OHH Provider Appeal thus putting this matter directly at issue.  And Plaintiff has responded by including the Singhisen Affidavits which deny that Plaintiff ever provided authorization to OHH to act on his behalf.  Defendant also fails to address the provision for separate and simultaneous appeals included in the Notice about Provider Appeals.[10]

Notably, nowhere in the Appeal Results denying Plaintiff's Authorized Representative Appeal is there any statement about the appeal being an unauthorized

---

[10] The Plan itself contemplates that" [i]n some circumstances a health care Provider may appeal on his/her own behalf." AR 152.  Again, Defendant has not addressed this provision of the Plan.

appeal or an attempt at a second "first-level" appeal.  Instead, the Appeal Results are silent as to the fact of a provider appeal having been filed by OHH.

Because Defendant contends the OHH Provider Appeal is the only authorized appeal, the Court rejects Defendant's request to strike the Singhisen Affidavits.   Plaintiff submitted the Singhisen Affidavits, not as a new argument, but rather, in response to Defendant's argument.   As the Tenth Circuit has explained, as a general rule, the court does not "'review issues raised for the first time in a reply brief,'" but an exception exists "'when the new issue argued in the reply brief is offered in response to an argument raised in the [defendant's] brief.'" *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119 (10th Cir. 2015) (quoting *Beaudry v. Corr. Corp. of Am.,* 331 F.3d 1164, 1166 n. 3 (10th Cir. 2003)).[11]

The Court further declines to strike the Singhisen Affidavits based on Defendant's argument that the Court's review is limited to the administrative record.  The Tenth Circuit has recognized "[e]xceptional circumstances" that could warrant admission of additional evidence outside the administrative record.  *Hall v. Unum Life Ins. Co. of Am*., 300 F.3d 1197, 1203 (10th Cir. 2002).  The Tenth Circuit provided illustrative, but not exhaustive, examples of such exceptional circumstances to include "the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts." *Id*. The Tenth Circuit cautioned that the party seeking to introduce additional evidence must

---

[11] Moreover, the Court is granting Defendant's request to file a surreply.  Thus, Defendant is able to address the issues raised by the Singhisen Affidavits.

Case 5:20-cv-01012-SLP   Document 29   Filed 09/15/23   Page 9 of 11

demonstrate that the evidence was not evidence that was known or should have been known to the claimant during the administrative proceedings. *Id*.

Here, the interpretation of the terms of the Plan and, specifically procedural appeal rights under the Plan, is necessarily implicated by Defendant's position that the OHH Provider Appeal is the only authorized appeal. Resolution of this issue may impact both Plaintiff's procedural claim regarding the alleged denial of fair and full review, and Plaintiff's substantive claim regarding the proper standard of review.[12] Under these circumstances, the court may consider matters outside the administrative record.

As set forth, the Singhisen Affidavits contest the authority of OHH to file any appeal on Plaintiff's behalf. The record demonstrates Plaintiff had no reason to raise this issue during the administrative proceedings. At the time Plaintiff's counsel received the May 5, 2020 Appeal Results for the OHH Provider Appeal, he had just five days earlier submitted his own Authorized Representative Appeal. As detailed above, the two appeals are designated as different types of appeals, assigned different numbers, and the latter appeal makes no reference to the former appeal. Under these circumstances, Plaintiff cannot be faulted for not anticipating the need to raise (or contest) any issue with respect to the authority of OHH to act on his behalf. That issue has only developed in the course of this

---

[12] In moving to strike the Singhisen Affidavits, Defendant repeatedly asserts that this matter will be addressed under an "arbitrary and capricious" standard of review and, therefore, consideration of evidence outside the administrative record is not permitted. But this argument ignores the fact that a fundamental issue faced by the Court is which standard of review applies.

litigation.[13]  The Court, therefore, declines to strike the Singhisen Affidavits and finds it may properly consider the Affidavits.[14]

As discussed, the Court finds the record is inconclusive as to whether the OHH Provider Appeal is an authorized appeal.  Thus, the Court finds additional briefing is warranted and grants Defendant's request to file a surreply.[15]  In doing so, Defendant is directed to address the Plan provisions identified by the Court.  Defendant is also directed to address the specific factual and legal bases for its contention that the OHH Provider Appeal is the authorized (i.e., controlling) appeal.  And Defendant must address the authorization (or lack thereof) by Plaintiff as to this appeal.  Further, absent evidence that Plaintiff authorized the OHH Provider Appeal, Defendant must address why and how Defendant deems this appeal to be the only authorized appeal.  *Compare Kojima v. Blue Cross & Blue Shield of Ala*., No. 14-cv-1957-JLS-DHB, 2016 WL 7178852 at *3 (S.D. Cal. Dec. 8, 2016) (characterizing "member appeals" and "provider appeals" as "two discrete types of appeal").  Finally, Defendant should address the issue of the administrator

---

[13]  According to Plaintiff, this is a "sandbagged defense" as it "appears nowhere in any correspondence, the Joint status report, defendant's answer or any other pleading until it was sprung upon us in Defendant's brief."  *Id*.

[14]  For these same reasons, the Court declines to strike the portion of Ms. Singhisen's Affidavit addressing her role (or lack thereof) as the Plan Administrator.  Moreover, because the Court grants Defendant's request to file a surreply, Defendant will have the opportunity to address Ms. Singhisen's Affidavit.

[15]  Given the inconclusive nature of the record, even absent Defendant's request to file a surreply, the Court would have independently directed supplemental briefing on the issues identified in this Order.

of the Plan for purposes of Plaintiff's claim for statutory penalties and may respond to the statements in Ms. Singhisen's Affidavit related thereto.

The Court recognizes that Defendant moves to strike additional information included in Plaintiff's Reply – specifically, materials from the American Stroke Association defining a "cryptogenic stroke." The Court reserves ruling on this issue at this time. The Court deems it prudent to first obtain further briefing on the preliminary issue of the authorized (i.e., controlling) appeal.

The Court further finds, in addition to supplemental briefing, a hearing is necessary to address additional issues arising from and related to the authorized appeal issue. By separate Order, the Court will identify the issues to be addressed at the hearing and set a date and time for the hearing.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Evidence Outside the Administrative Record or, in the Alternative, Motion for Leave to File Surreply [Doc. No. 22] is GRANTED IN PART, DENIED IN PART and RESERVED IN PART as more fully set forth. Defendant shall file its surreply – to include specifically addressing the issues identified by the Court – within twenty-one days of the date of this Order. No further briefing shall take place unless directed by the Court.

IT IS SO ORDERED this 15th day of September, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE